**In the Matter of Robin F. FRANK, Debra J. Frank, Debtors.**

**Bankruptcy No. 3–82–02210.**

United States Bankruptcy Court, S.D. Ohio, W.D.

Dec. 19, 1983.

Irvin G. Bieser, Jr., John T. Ducker, Dayton, Ohio, for debtors in possession.

Henry P. Montgomery, Columbus, Ohio, for appellants.

John Butz, Springfield, Ohio, for Unsec. Cred. Comm.

## MEMORANDUM DECISION

CHARLES A. ANDERSON, Bankruptcy Judge.

This matter came on for hearing on October 31, 1983 on a "Motion for New Hearing on Confirmation" filed October 7, 1983, in behalf of William E. Curtis and Marvin E. Curtis.

Movants seek an order setting aside the Order Confirming Plan entered on September 27, 1983, pursuant to Rule 9023 of the Bankruptcy Rules and Rule 59 F.R.Civ.P. "on the grounds that the Curtises have recently discovered new evidence which could not have been discovered in the exercise of due diligence prior to the hearing on confirmation held on August 15, 1983, and which is material and of such character that if received at the hearing on confirmation it would have resulted in different findings by the Court...."

The motion requires consideration of two issues, one of which pertains to the question of whether the alleged newly discovered evidence requires the application of Rule 59 F.R.Civ.P., and the other which pertains to procedural due process concerning the rights of the vested interests of numerous interested parties arising out of the confirmation order entered on September 27, 1983 after a full hearing on August 15, 1983. These interested parties are not now before the Court, which emphasizes the fact that Rule 59 matters ordinarily invoke just a few plaintiffs or defendants involved in the finality of a judgment entry, all of whom may be heard.

To determine the necessity of the submission of evidence, the court heard arguments of counsel in behalf of the movant and debtor in possession and reserved decision on the necessity of a new evidentiary hearing for newly discovered evidence pending

the submission of the applicable Ohio statutes and the regulations of the Public Utilities Commission of Ohio (P.U.C.O.) pursuant thereto giving rise to the Order of the Commission on September 14, 1983, as appended to the motion.

Upon careful reading of the Order of the P.U.C.O. entered on September 14, 1983; the memorandum Contra Motion for New Hearing on Confirmation filed October 24, 1983, and the Reply Memorandum of William E. Curtis and Marvin E. Curtis filed on November 10, 1983; and after a review of the record of the hearing on confirmation of the Plan held on august 15, 1983, this court concludes that the motion for a new trial on the argument of newly discovered evidence should be denied for two reasons.

 To constitute newly discovered evidence under Rule 59, such evidence must pertain to facts in existence at the time of the hearing and not to facts that have occurred subsequently. Furthermore, such evidence must be such that movant was excusably ignorant of the facts. The procedures applicable to the P.U.C.O. order on September 14, 1983, did not preclude evidence that was not discoverable by diligent search in light of the then existing knowledge of movants. The movants were before trial aware of sufficient facts to evaluate at least the gist of the proposed evidence and submit it to the court. See *Toledo Scale Co. v. Computing Scale Co.* (1923) 261 U.S. 399, 43 S.Ct. 458, 67 L.Ed. 719.

Assuming, *arguendo* that the evidence was truly "newly discovered", a new trial would still not be warranted because it would not have affected the issuance of the confirmation order. According to the evidence as adduced at the hearing, the movant is secured by other assets besides the P.U.C.O. Certificate. Uncontradicted testimony in behalf of the debtor indicated that the P.U.C.O. Certificate was not only valuable in nature, but also, that Class 14 had been benefitted by the surrender by Debtor of other assets involved in the purchase contract for trucking business of substantial value.

This was the only valuation evidence adduced, and brings into focus the more fundamental reason for denying to reopen the confirmation judgment order. Movants overlook the fact that they not only did not submit any valuation evidence to this court whatever to demonstrate that their claims were impaired by the plan, or to demonstrate that the plan discriminates unfairly and is not fair and equitable in light of the evidence in behalf of the debtors, but, also, their original objection had been dismissed because of failure to comply with the rule date.

After the hearing on August 15 the Debtors filed on September 8, a motion to dismiss the objection to confirmation by William E. Curtis and Marvin E. Curtis. The movants had not filed an objection within the rule date (August 5, 1983) pursuant to Bankruptcy Rule 3020(b) and they proffered no evidence at the hearing. Both the movants and the respondents have gratuitously argued in their written memoranda evidence which has never been adduced. Needless to add, the order of confirmation was entered on the basis only of the evidence adduced.

Even though counsel for the movants appeared and made representations by argument in open court, there was never any request for leave to file a late objection or to extend the time for filing. No evidence was proffered in any way to dispute the testimony in behalf of the plan, which was not extensive. Furthermore, the Curtis claims (Class 14) have been treated in the plan, as confirmed, as a "secured contingent and disputed claim" and was never by objection filed to the plan or otherwise ever allowed by the court as a valid claim against the Chapter 11 estate. The movants never even filed a ballot rejecting the Plan. Consequently, the Curtis objection was dismissed in the order of September 27, 1983, sustaining the motion filed by debtors on September 8, 1983. It is noted that the Curtis objection was not filed until August 29, 1983, a full two weeks after the hearing.

It is important to emphasize that the motion now under consideration does not

pertain to the substantive requirements necessary as prerequisites for confirmation of the plan. Even though such issues are not now reexamined, the dismissal of the objection did not preclude the examination of the record by the court *sua sponte* to ascertain that all requirements of 11 U.S.C. § 1129 had been met before the confirmation order. In this sense the objections were afforded full consideration, in connection with the court's mandatory duties, even without an objection being duly filed as required by the court under Bankruptcy Rules 3020(b) and 9014. This court entertains any objection directed to the mandatory prerequisites of a Chapter 11 plan and filed before an order of confirmation is issued by the court, but the objection must be filed conformably to the rule date if evidence is to be submitted. The order of confirmation entered on September 27, 1983, was based upon the record and evidence as then before the court and the submission of additional evidence cannot now be entertained.

■ A motion for reconsideration of a judgment "upon newly discovered evidence," just as a matter of pure logic and basic judicial due process cannot be permitted to serve as a device to circumvent the necessity of complying with procedural rule dates or for the presentment of proposed evidence which could not be presented even if the judgment be set aside.

■ It must be further emphasized that Federal Civil Rule 59 as to newly discovered evidence must be utilized in connection with an order of confirmation with more care and rigidity than in a typical adversarial suit, not only because of the innumerable vested interests which attach but, also, because any delay inflicted upon the consummation of a plan of reorganization portends usually fatal consequences as to other findings by the court. It can be contemplated, for instance, that the delay suffered already has jeopardized the previous finding by the court back on September 27 that, "Confirmation of the Plan is not likely to be followed by the liquidation, or the need for further financial reorganization, of the

debtor or any successor to the debtor under the plan." In no other judicial proceedings can the temporal factor be deemed more crucial to success.